UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

JESSE LEE,
   Plaintiff,

vs.                                        No. 08-1016
                                          (Consolidated with 08-1021, 08-1030, 08-1034)

ASSISTANT WARDEN MATHY,
   Defendants

## ORDER

This cause is before the court for a merit review of the plaintiff's claims. The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." The plaintiff participated in the hearing by video conference.

This case was originally set for merit review on January 28, 2008. However, the plaintiff stated that he had filed three other lawsuits during the same time frame. The court consolidated the cases and reset the merit review hearing. This will remain the lead case.

The plaintiff's four lawsuits name some or all of the same defendants and repeat similar claims. Each lawsuit was filed pursuant to 42 U.S.C. §1983 claiming the plaintiff's constitutional rights were violated at the Pontiac Correctional Center. The defendants include Assistant Warden Mathy, Warden Eddie Jones, Correctional Officers Brocket, Tangman and Gilbert.

Each of the plaintiff's lawsuits is difficult to decipher because the plaintiff's handwriting is hard to read at times. However, it appears that each of the lawsuits repeat the same basic claims:

The plaintiff alleges that in November of 2007, Assistant Warden Mathy told Officer Brockett to take the plaintiff's property from his cell. The officer took some religious items as well as legal documents. The plaintiff says the taking of his legal paperwork has interfered with his ability to litigate his claims.

The plaintiff says the defendants continue to come into his cell and take or destroy his property on a routine basis. In addition, the plaintiff says they have taken his mattress and sheets and refused to replace them. The plaintiff also says the Defendants are taking his property in retaliation for his previous lawsuits filed against Menard Correctional Center. Finally, the plaintiff says Defendants Tangman and Brockett pushed his head into the bars on his cell causing an injury.

The court asked the plaintiff to verify the claims in his complaints and stated that it believed the plaintiff had alleged the following claims: 1) the defendants violated the plaintiff's First Amendment right to meaningful access to the courts when they repeatedly took legal documents from his cell; 2) the defendants violated the plaintiff's Eighth Amendment rights when they took his mattress, sheets and various other property; 3) the defendants violated the plaintiff's First Amendment

1

rights when they retaliated against him for his previous lawsuits; and 4) Defendants Tangman, Gilbert and Brockett used excessive force against the plaintiff when they pushed his head into his cell bars. The plaintiff apparently complained to Defendant Warden Jones about the actions of the defendants, and the warden took no action.

The plaintiff confirmed that these were his intended claims. However, the plaintiff says he is also stating two additional claims: 1) a violation of his Fourth Amendment rights and 2) a violation of his Fourteenth Amendment Due Process rights. The plaintiff has failed to state a violation of either.

First, the plaintiff says the defendants violated his Fourth Amendment rights when they continued to enter his cell and search his belongings. This is not a violation of the plaintiff's constitutional rights. The Supreme Court has held that the Fourth Amendment does not apply to searches of a prison cell. *Hudson v. Palmer,* 468 U.S. 517, 526 (1984). Second, the plaintiff says the defendants violated his due process rights because they continued to take his property. Again, this is not a violation of the plaintiff's constitutional rights. The plaintiff does not allege that the deprivation took place according to any established state procedure, nor that he lacked an adequate remedy under state law. *Antonelli v. Shehan*, 81 F.3d 1422, 1430 (7th Cir. 1995); *see also Hudson,* 468 U.S. at 536.

For clarification of the docket, the court also notes that the plaintiff has stated claims against the defendants in their individual capacities only. *Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989). (Suits against state officers in their "official capacity" are suits against the state and thus cannot be brought under Section 1983. )

The court also notes that most of the events in the plaintiff's complaint occurred in November and December of 2007. It is somewhat doubtful the plaintiff could have exhausted his administrative remedies as required before he filed his lawsuits since most were filed in early January of 2008. However, this is an affirmative defense and the defendants should address this issue in a well supported motion for summary judgement.

MOTION FOR APPOINTMENT OF COUNSEL

The plaintiff has filed a motion for appointment of counsel. [d/e 3] Civil litigants have no federal right to appointed counsel. The district court may request appointment of counsel under 28 U.S.C. § 1915(e)(1), but cannot force an attorney to accept appointment. *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir.1997). To decide whether counsel should be requested, the court asks, "'[G]iven the difficulty of the case, [does] the plaintiff appear to be competent to try it himself and, if not, would the presence of counsel [make] a difference in the outcome?'" *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995). "Although a good lawyer may [do better than a *pro se* plaintiff], that is not the test, for if it was "'district judges would be required to request counsel for every indigent litigant.'" *Luttrell*, 129 F.3d at 936.

In this case, the plaintiff appears competent to proceed *pro se* based on his submissions and participation in the merit review conference. The case does not appear to be complex and the court has set forth the controlling law in this merit review order. Lastly, the present record is not developed enough to determine whether appointed counsel would make any difference in this case's outcome. The motion is therefore denied.

**IT IS THEREFORE ORDERED:**

**1) The court has consolidated cases 08-1016, 08-1021, 08-1030 and 08-1034.  The clerk of the court should add all defendants to this lead case of 08-1016.  <u>The plaintiff is advised that he should file any future motions only in case 08-1016.</u>**

**2)  Pursuant to its merit review of the complaint under 28 U.S.C. Section 1915A, the court finds that the plaintiff states the following federal claims:**

> **1) Defendants Mathy, Jones, Brocket, Tangman and Gilbert violated the plaintiff's First Amendment right to meaningful access to the courts when they repeatedly took legal documents from his cell;**
>
> **2) Defendants Mathy, Jones, Brocket, Tangman and Gilbert violated the plaintiff's Eighth Amendment rights when they took his mattress, sheets and various other property;**
>
> **3) Defendants Mathy, Jones, Brocket, Tangman and Gilbert violated the plaintiff's First Amendment rights when they retaliated against him for his previous lawsuits; and**
>
> **4) Defendants Tangman, Gilbert and Brockett used excessive force against the plaintiff when they pushed his head into his cell bars.**
>
> **The claims are against the defendants in their individual capacities only**.

**3)  All other claims based on federal law, other than those set forth in paragraph (2) above, are dismissed for failure to state a claim pursuant to 28 U.S.C. Section 1915A.**

**3)  This case shall proceed solely on those federal claims identified in paragraph two above.  Any claims not set forth in paragraph two above shall not be included in the case, except in the court's discretion on motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15.**

**4) A Prisoner Scheduling Order shall be entered directing service and setting a Rule 16 conference date.**

**5)  A copy of this Case Management Order shall be served with the Complaint and Scheduling Order.  <u>The defendants shall file an answer to the claims identified in this Case Management Order</u>.**

**6)  The defendants shall file an answer within the time prescribed by Local Rule.  A motion to dismiss is not an answer.  The answer must be considered a responsive pleading under Federal Rule of Civil Procedure 15(a) and should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Case Management Order.**

**7) The plaintiff's motion to proceed in forma pauperis in Case No. 08-1034 is granted. [d/e 2]. Although the plaintiff's cases are consolidated, he must pay the filing fee in each case. (Case No.s 08-1016, 08-1021, 08-1030, 08-1034).  The agency have custody of the plaintiff is directed to make**

**monthly payments of 20 percent of the preceding month's income credited to the plaintiff's account to the Clerk of the Court. The agency have custody of the plaintiff shall forward these payments each time the plaintiff's account exceeds $10, until the filing fee of $350 in Case No. 08-1034 is paid in full. The clerk of the court is directed to mail a copy of this order to the plaintiff and his place of confinement, to the attention of the trust fund office.**

**8) The plaintiff's motion for appointment of counsel is denied. (Case No.08-1034, d/e 3)**

Entered this 6th Day of February, 2008.


s\Harold A. Baker

_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE